# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1104009274 |
| | ) | |
| WILLIAM HUNTER[1], | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: February 14, 2018
Decided: April 25, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF AS TO DEFENDANT'S SUPPLEMENTAL APPELLATE CLAIMS SHOULD BE DENIED

Annemarie H. Puit, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

William Hunter, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

---

[1] The Supreme Court, on direct appeal, assigned pseudonyms to Defendant and the victim to protect the identity of the victim. The Superior Court, in its decision on September 29, 2017, used the same pseudonyms assigned by the Supreme Court. This Court has again used the same pseudonyms assigned by the Supreme Court for the same reason.

This 25th day of April 2018, upon consideration of Defendant's Motion for Postconviction Relief as to his supplemental appellate claims, it appears to the Court that:

## PROCEDURAL POSTURE OF RULE 61 MOTION

1. After full briefing on Defendant's Rule 61 motion, the Superior Court issued its decision on September 29, 2017, denying the motion.[2]

2. Prior to the issuance of its decision, counsel had been appointed to assist Defendant with his Rule 61 motion. Rule 61 counsel subsequently withdrew based on counsel's opinion that there were no meritorious claims that existed to support a Rule 61 motion. Defendant thereafter proceeded *pro se* with his Rule 61 motion.

3. Following full briefing on the motion, the Superior Court, in its September 29, 2017 decision, fully and thoroughly addressed all of the claims raised by Defendant in his Rule 61 motion. The Superior Court concluded that Defendant's claims were all without merit. Those claims included trial counsel's alleged ineffectiveness and other substantive claims.[3]

4. Following the issuance of the Superior Court's decision on Defendant's Rule 61 motion, Defendant requested the opportunity to raise additional claims regarding the alleged ineffectiveness of appellate counsel. The Superior Court granted that request and established a briefing schedule for the presentation of Defendant's appellate counsel claims.[4]

5. In accordance with the Superior Court's instructions, Appellate Counsel filed an Affidavit responding to Defendant's ineffective assistance of appellate counsel claims, the

---

[2] *State v. Hunter,* 2017 WL 5983168 (Del.Super.).
[3] *Id.*
[4] Superior Court Docket No. 70- Letter from the court dated October 2, 2017 setting forth the briefing schedule for the presentation of Defendant's appellate counsel claims.

State filed a response, and Defendant filed a reply thereto. Defendant's appellate claims have now been fully briefed.

## DEFENDANT'S PENDING APPELLATE CLAIMS

6. The facts and procedural history of this case are set forth in the Superior Court's September 29, 2017 decision denying Defendant's Rule 61 motion.[5]

7. Briefly, Defendant's convictions stem from his sexual abuse of his daughter beginning in 2008, when she was 12, and continuing until April 2011. The abuse included using a vibrator on her vagina; inserting sex toys and his fingers into her vagina and anus; and forcing her to masturbate him. The abuse continued regularly, several times a week, until April 2011.[6]

8. Defendant was convicted of ten counts of first degree sexual abuse of child by person in a position of trust (SACPPT)[7], one count of continual sexual abuse of a child, one count of endangering the welfare of a child, and two counts of violation of privacy. Defendant was sentenced to a total of 122 years of unsuspended prison time.

9. Defendant had been indicted on 25 counts of SACPPT. The jury found Defendant guilty of all 25 counts. Before sentencing, the State advised that SACPPT was not enacted until June 2010, and that 15 of the counts of SACPPT related to a time period before June 2010. Those 15 counts of SACPPT were dismissed by the State prior to sentencing.[8]

---

[5] See, *State v. Hunter,* 2017 WL 5983168 (Del.Super.).
[6] *Id.* at 1.
[7] 11 *Del. C.* § 778, effective June 30, 2010.
[8] *Hunter v. State,* 2014 WL 1233122, *1 (Del.).

10. Defendant's appellate counsel raised one issue on direct appeal. Appellate Counsel claimed that the evidence supporting those 15 SACPPT charges, that were subsequently dismissed, were highly prejudicial and should not have been admitted at trial.[9]

11. The Delaware Supreme Court affirmed the judgment of the Superior Court on direct appeal.[10] The Delaware Supreme Court held that Defendant was charged with continuous sexual abuse of a child. That offense requires the jury to find that Defendant engaged in three or more acts of sexual conduct over a period of at least three months. Defendant's sexual abuse of his daughter before June 2010 was probative as an element of that crime.

12. The Delaware Supreme Court further concluded that the evidence supporting those 15 counts of SACPPT was not unduly prejudicial because of the remaining 10 counts of SACPPT. The jury heard evidence of a pattern of abuse that continued for more than two years. Each count of SACPPT is a separate crime and the jury found Defendant guilty on all 25 charges. Under the circumstances, there was no reason to believe that evidence of the first 15 counts affected the jury's verdict on the remaining 10 counts.[11]

13. In Defendant's supplemental Rule 61 submission raising his appellate counsel claims, Defendant contends that appellate counsel was ineffective for: 1) failing to appeal the motion for mistrial; 2) failing to appeal the motion to dismiss/motion for judgment of acquittal; and 3) "failing to raise all other grounds."

14. When evaluating claims of ineffective assistance of appellate counsel, the same *Strickland* framework applies.[12] Defendant must show that: (1) counsel performed at a

---

[9] *Hunter v. State*, 2014 WL 1233122, *1 (Del.).
[10] *Hunter v. State*, 2014 WL 1233122 (Del.).
[11] *Hunter v. State*, 2014 WL 1233122, *1 (Del.).
[12] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).

level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[13]

15. As to the first prong, deficient performance, Defendant must show that his appellate counsel was objectively unreasonable in failing to find arguable issues to appeal- that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.[14] Appellate counsel is not required to, and should not, raise every nonfrivolous claim, but rather should select and advance only the strongest claims in order to maximize the likelihood of success on appeal.[15]

16. In cases, like the subject action, in which the allegedly ineffective appellate counsel did file a merits brief on direct appeal, the defendant faces a tough burden of showing that a particular nonfrivolous issue was clearly stronger than the issue(s) that counsel did raise on appeal.[16]

17. In addition to establishing the first prong of the *Strickland* standard, that appellate counsel's conduct fell below an objective standard of reasonableness, Defendant must also establish the second prong and demonstrate that counsel's deficient performance caused prejudice.[17] That is, the defendant must show a reasonable probability that, but for his counsel's deficient failure to raise an issue, he would have prevailed on his appeal.[18]

18. Turning to the subject action, Defendant's appellate counsel, in his Affidavit in response to Defendant's Rule 61 claims, represented that he thoroughly reviewed the record including the trial transcripts, victim statement, police reports and investigative

---

[13] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[14] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).
[15] *Id.*
[16] *Id.*
[17] *Id.* at 947.
[18] *Id.* at 947.

summaries. Appellate counsel reviewed all motions filed before, during and after trial and reviewed all arguments advanced at side bar.[19]

19. Following Appellate Counsel's thorough review of the record, counsel raised the strongest issue that he believed existed and the only issue that he believed could secure a new trial for Defendant.[20]

20. Appellate counsel made the decision not to include any other issue on appeal because he did not want to taint the issue that he raised on direct appeal with other issues that he did not believe warranted reversal. Appellate counsel points out that while the issue that he raised on direct appeal ultimately proved to be unsuccessful, it did warrant oral argument.[21]

21. Defendant raises three claims of ineffectiveness of appellate counsel. Each of these three claims will be discussed in turn.

### First Appellate Claim: Not Appealing Motion for Mistrial

22. Defendant claims that appellate counsel should have appealed the trial court's denial of his motion for a mistrial.

23. At the end of the State's case, the court told the jury that they had not heard all the evidence in the case.[22] Defendant had, at that time, made the decision to testify.[23] The following day, Defendant changed his mind and chose not to testify or present any further evidence.[24] Defendant moved for a mistrial or in the alternative for a curative instruction contending that the Court's comments may be interpreted by the jury to have shifted the

---

[19] Superior Court Docket No. 73- Affidavit of Appellate Counsel
[20] *Id.*
[21] *Id.*
[22] February 6, 2012 Trial Transcript, at pgs. 124-125.
[23] February 6, 2012 Trial Transcript, at pgs. 120-123.
[24] February 7, 2012 Trial Transcript, at pg. 3.

5

burden of proof.[25] The court denied the motion for a mistrial, but did give a curative instruction.[26] The court, in its curative instruction, stated: "Yesterday I told you that you had not heard the entirety of the evidence. However, in this particular case, the defendant has chosen not to testify. I want to give you a very specific instruction about that. You will hear it again later. The defendant has a Constitutional right to testify or not testify as he chooses. . . The burden of proof . . . is upon the State to prove the existence of all the elements of every crime . . . this defendant is not required to present any evidence on his own behalf. . . "[27]

24.     The court later reiterated this instruction when providing the jury instructions.[28]

25.     Appellate Counsel did not raise this issue on direct appeal because he did not believe this issue would result in a reversal. Counsel believed that even if the Delaware Supreme Court found the comment to be improper, it was likely the Court would have found the error to be harmless error, since there was a curative instruction given, the curative instruction was again reiterated during the jury instructions, and there was substantial evidence against Defendant. [29]

26.     Appellate Counsel is not required to raise claims which would not warrant reversal. Appellate counsel did not want to "taint" the issue he raised on direct appeal by raising additional issues he did not believe in.[30] Appellate Counsel did not believe this issue presented any legitimate grounds for reversal. Defendant has not shown that Appellate

---

[25] February 7, 2012 Trial Transcript, at pgs. 3-4.
[26] February 7, 2012 Trial Transcript, at pgs. 13-15.
[27] February 7, 2012 Trial Transcript, at pgs. 14-15.
[28] February 7, 2012 Trial Transcript, at pg. 61.
[29] Superior Court Docket No. 73- Affidavit of Appellate Counsel.
[30] Superior Court Docket No. 73- Affidavit of Appellate Counsel.

Counsel was objectively unreasonable in failing to raise this issue on appeal. Moreover, Defendant has not established that he was prejudiced as a result thereof.

### Second Appellate Claim: Not Appealing Motion for Judgment of Acquittal

27. A Motion for Judgment of Acquittal was made regarding the two counts of Invasion of Privacy. Trial counsel sought the dismissal of those charges on the basis that the State would not be able to prove an element of the crime, the time alleged in the indictment.[31] The motion was denied.[32]

28. Defendant claims that there are two issues with the Invasion of Privacy charges: 1) the insufficiency of the dates/ times alleged in the indictment, and 2) the insufficiency of the evidence proving the element of intention to produce sexual gratification.

29. The Superior Court already addressed Defendant's claims as to the denial of his motion for judgment of acquittal in its September 29, 2017 decision on his Rule 61 motion. The Superior Court already found Defendant's claims to be without merit.[33]

30. As to the alleged insufficiency of the date/times alleged in the indictment, the Superior Court noted that the victim did testify to the events surrounding the taping of the videos which gave rise to the invasion of privacy charges and gave some time estimates of when that occurred. The Superior Court further noted that trial counsel argued rigorously to keep the videos out, and to secure dismissal of the Invasion of Privacy charges. The Superior Court concluded that given the victim's testimony that the videos were made when she was 12 or 13 years old, some portion of that period was within the statute of

---

[31] February 2, 2012 Trial Transcript, at pgs. 13-14; February 6, 2012 Trial Transcript, at pgs. 8-10; February 6, 2012 Trial Transcript, at pg. 120.
[32] February 6, 2012 Trial Transcript, at pg. 120.
[33] See, *State v. Hunter*, 2017 WL 5983168, *3-4, 5-6 (Del.Super.)

limitations. The court, therefore, denied Defendant's motion and allowed the charges of Invasion of Privacy to go forward.[34]

31. As to the alleged insufficiency of the evidence proving the element of intention to produce sexual gratification, the Superior Court noted that the evidence provided by the State, when viewed in the light most favorable to the State, was sufficient to send the evidence to the jury on those charges.[35] Defendant was alleged to have engaged in conduct in which his daughter did not wish to participate, and yet she did so on many, many occasions. The conduct was of an extremely intimate and sexual nature, and coercion, if not physical force or threat, was a component. Exposing the victim to videotaping while in the shower, much like watching his daughter use the sex toys he provided, can easily be determined by the jury to be with the intent of gratifying him sexually.[36]

32. The Superior Court held that Defendant's claim that there was insufficient evidence presented at trial to support a conviction on the charges of Invasion of Privacy is without merit.[37] The jury had sufficient evidence, under the circumstances, to infer the intent necessary to convict of the Invasion of Privacy charges.[38]

33. Defendant's claim that Appellate Counsel should have raised this issue on direct appeal is likewise without merit. Appellate Counsel, in his Affidavit in response to Defendant's Rule 61 motion, represents that he did not believe that the denial of Defendant's Motion for Judgment of Acquittal presented any legitimate ground for a

---

[34] *Hunter v. State,* 2014 WL 1233122, * 3-4 (Del.).
[35] *State v. Priest,* 879 A.2d 575 (Del. 2005).
[36] *Hunter v. State,* 2014 WL 1233122, *5-6 (Del.).
[37] *Hunter v. State,* 2014 WL 1233122, *5-6 (Del.).
[38] *Hunter v. State,* 2014 WL 1233122, *5-6 (Del.).

8

reversal.[39] Appellate Counsel believed that the Superior Court's ruling was proper under the controlling standard, viewing the evidence in the light most favorable to the State.[40]

34.     Appellate Counsel is not required to argue frivolous claims and claims, which he did not believe, would warrant reversal. Appellate Counsel did file a merits brief and argued the strongest appealable issue in this case. Defendant has not shown that his Appellate Counsel was ineffective in any regard.

### Third Appellate Claim- Failing to Raise All Other Grounds

35.     Defendant claims that the grounds raised in his Rule 61 motion "so clearly violated" his rights that they should have been raised on direct appeal. The Superior Court denied all of the claims raised in his Rule 61 motion.[41] After a full and thorough evaluation of Defendant's claims, the Superior Court concluded that Defendant could make no showing that his rights were violated, that he suffered any prejudice or that there was any cause for relief.[42] Defendant has not established that Appellate Counsel was deficient in any regard for not raising any of the claims Defendant raised in his Rule 61 motion on direct appeal.

36.     In his reply, Defendant claims that Appellate Counsel should have raised "the illegal warrant" on direct appeal. This claim was addressed and found to be without merit in the Superior Court's September 29, 2017 decision.[43] The Superior Court already held that the trial court had reviewed both warrants at issue and found that there was sufficient probable cause in each warrant to search for the items taken by the police pursuant to the warrant. Had the issue been previously raised by trial counsel, a motion to suppress would

---

[39] Superior Court Docket No. 73- Affidavit of Appellate Counsel.
[40] Superior Court Docket No. 73- Affidavit of Appellate Counsel.
[41] *Hunter v. State,* 2014 WL 1233122 (Del.).
[42] *Hunter v. State,* 2014 WL 1233122 (Del.).
[43] *Hunter v. State,* 2014 WL 1233122, * 7 (Del.).

9

not have prevailed.[44] Defendant has not established that Appellate Counsel was deficient in any way in failing to raise this issue on direct appeal.

37.    Defendant has failed to establish that Appellate Counsel was deficient in any respect, let alone that he suffered prejudice as a result thereof. Defendant's Rule 61 claims against his appellate counsel are denied.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief as to his supplemental appellate claims should be denied.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc:    Prothonotary
Anthony A. Figliola, Jr., Esquire

---

[44] *Hunter v. State*, 2014 WL 1233122, * 7 (Del.).

10